2013 UT App 107

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
*Plaintiff and Appellee,*
*v.*
DARRELL EUGENE WASHINGTON,
*Defendant and Appellant.*

Per Curiam Decision
No. 20130070-CA
Filed April 25, 2013

Second District, Ogden Department
The Honorable Michael D. DiReda
No. 011901799

Darrell Eugene Washington, Appellant Pro Se
John E. Swallow and Marian Decker, Attorneys for Appellee

Before JUDGES ORME, MCHUGH, and ROTH.

PER CURIAM:

¶1     Darrell Eugene Washington appeals the trial court's order denying his motions to compel discovery, which were filed in his criminal case. This appeal is before the court on its own motion for summary disposition based on the lack of a substantial question for review. We affirm.

¶2     Washington pleaded guilty to a third degree felony in 2001. In 2012, he sought to challenge his conviction, filing the motions to compel the production of evidence that are the subject of this appeal. His motions were a mix of arguments and requested relief, including document requests and assertions of ineffective assistance of counsel and a coerced plea. Additional argument in the motions indicated that Washington's efforts were aimed toward

filing a petition for a determination of factual innocence under Utah's Post-Conviction Remedies Act (PCRA). *See* Utah Code Ann. §§ 78B-9-101 to -405 (LexisNexis 2012).

¶3    The trial court determined that it lacked jurisdiction over Washington's requests because he had filed the motions seeking civil relief in his criminal case. Generally, once a trial court in a criminal proceeding "imposes a valid sentence, it loses subject matter jurisdiction over the case." *State v. Montoya*, 825 P.2d 676, 670 (Utah 1991). We see no error in the trial court's determination, particularly given that the relief Washington appears to be seeking is within the scope of the PCRA.

¶4    The PCRA "establishes the sole remedy" for a person challenging a conviction after other legal remedies have been exhausted. Utah Code Ann. § 78B-9-102(1). Proceedings under the PCRA are civil in nature and are governed by the rules of civil procedure. *Id.* To obtain a hearing to determine factual innocence, a petition must be filed in the district court under the PCRA and rule 65C of the Utah Rules of Civil Procedure. *Id.* § 78B-9-402; Utah R. Civ. P. 65C.

¶5    Accordingly, the relief Washington seeks is available only through the provisions of the PCRA, a civil proceeding. There is no such relief available through his criminal case. As a result, the trial court did not err in finding that it lacked jurisdiction over the motions filed by Washington in his criminal case.

¶6    Affirmed.

————————